Hon. Edward G. McCabe County Attorney, Nassau County
This is in response to your letter wherein you ask about the present status of the law relating to the destruction of records of the county medical examiner. You question whether the Judiciary Law, § 89 would apply or whether the Education Law, § 147 and Public Officers Law, § 65-b would be controlling. It is assumed that Article 17-A of the County Law applies fully to Nassau County pursuant to County Law, § 670.
Education Law, § 147 provides the procedure for the destruction of public records and requires the consent of the Commissioner of Education before any officer may destroy or otherwise dispose of the records. Education Law, § 144, subdivision 1 defines "public records" as follows:
 "1. The words `public records' as used in this chapter shall, unless a contrary intention clearly appears, mean any book, paper, map, photograph, microphotograph or other information storage device regardless of physical form or characteristic which is the property of the state or of any state agency, department, division, board, bureau, commission, county, city, town, village, district or any subdivision thereof by whatever name designated in or on which any entry has been made or is required to be made by law, or which any officer or employee of any of said bodies has received or is required to receive for filing."
Public Officers Law, § 65-b also makes provision for the destruction of public records and again requires the consent of the Commissioner of Education before their disposition.
It should be further noted that both statutes state that their provisions do not apply to "the records of any court". (Education Law, § 147, subdivision 2, paragraph c; Public Officers Law, § 65-b, subdivision 4, paragraph c.) The disposition of court records and records in the custody of the district attorney are governed by the provisions of Judiciary Law, § 89. Application in this instance is made to the Appellate Division of the Supreme Court, not the Commissioner of Education.
The question reduces itself to whether the records of the medical examiner are "public records" or "court records".
An examination of County Law, § 677 reveals that the medical examiner is required to establish, maintain and file certain papers and records and keep them either in his office or the office of the county clerk. The section also makes a restriction upon inspection of these records by only allowing the district attorney to inspect them without a court order.
We have previously rendered opinions (1968 Atty Gen [Inf Opns] 29 and 1972 Atty Gen [Inf Opns] 179), which expressed the view that for purpose of inspection, medical examiner reports are not "public records". This does not, however, automatically place these records within the category of "court records". We can find no justification or authority for such classification. These are simply not the type of records which Judiciary Law, § 89 was intended to control.
It is our opinion that for purposes of their destruction, the records of the medical examiner are "public records" within the meaning of the Education Law and Public Officers Law. This is entirely consistent with our previous opinions (supra) in light of the purpose of section 144 of the Education Law to expand the normal notion of what is a public record as expressed in a 1948 opinion of this office (1948 Atty Gen [Inf Opns] 89) and in a 1946 opinion regarding hospital records where we stated:
 "It is my opinion that the definition of public records in § 1194 [now § 144] of the Education Law is considerably broader than the usual conception of public records and comprehends records kept by public officers or institutions, even though such records are not ordinarily available to the public; and that the consent of the Commissioner of Education is a condition prerequisite to such destruction under the provisions of § 1197 [now § 147] of the Education Law and § 65-a of the Public Officers Law." (1946 Atty Gen [Inf Opns] 263.)
Accordingly, by reason of the foregoing, we feel that the records of the Medical Examiner of Nassau County may not be destroyed without the consent of the Commissioner of Education.